ADOLPH KINNERT, RESPONDENT, v. MATHISON COOPER-
AGE COMPANY, APPELLANT.

Argued June 26, 1917—Decided October 11, 1917.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from a judgment entered on the verdict of a jury for the plaintiff in a suit for negligence. After the verdict a rule to show cause why the verdict should not be set aside was obtained, and after hearing the rule was discharged. Thereafter the defendant took this appeal.

"The only points reserved in the rule were the objections to the refusal of the trial court to nonsuit the plaintiff and to direct a verdict in favor of the defendant. And it is now urged that these motions should have been granted because it is contended that there was no evidence of negligence upon the part of the defendant and that the plaintiff assumed the risk.

"The plaintiff was a Polish boy seventeen years of age. He did not speak nor understand English. He had been working at cooperage for the defendant company for three weeks at the time of the accident. He first worked in the yard carrying staves. After that he was put inside on a sawing machine. He was not hurt at the machine on which he was first put to work. Just prior to the accident he was directed by the foreman, by pantomine, to go to work at a planing machine. According to his testimony he was required to pick up little staves and carry them to the machine and cut them; that as he stooped he felt something cold draw his hand in and his hand was cut off.

"Plaintiff's contention was that this machine being dangerous, being a machine at which there was a suction sufficient to draw towards it articles of clothing, and the plaintiff being ignorant of such danger, and being youthful, it was the

master's duty to warn and instruct the plaintiff, and that the master neglected to perform that duty.

"It was clearly open to the jury to find from the evidence that there was no warning or instruction given to the plaintiff of the danger of which he was ignorant. It was also open to the jury to find from the evidence that there was suction by this machine, created by some sort of a device for the purpose of removing shavings, and that the plaintiff was hurt by reason of such suction.

"As we have pointed out, there was some evidence that there was sufficient suction about the machine to disturb the clothing of one near by.

"Whether the accident happened, as the plaintiff says it happened, seems to us to have been a question for the jury, and we think the question of the negligence of the defendant was properly for the jury.

"The question whether the plaintiff assumed the risk was one which certainly could not have been withdrawn from the jury.

"The judgment below will be affirmed, with costs."

For the appellant, *Weller & Lichtenstein* and *Robert H. McCarter.*

For the respondent, *Nathaniel Kent* and *Alexander Simpson.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 10.

*For reversal*—None.